```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
DUBAI EQUINE HOSPITAL,                                      :
                                                            :
                                         Plaintiff,         :
                                                            :               18-CV-6925 (VSB)
               -against-                                    :
                                                            :               **OPINION & ORDER**
EQUINE IMAGING, LLC, et al.,                                :
                                                            :
                                         Defendants.        :
                                                            :
------------------------------------------------------------X
```

Appearances:

Catherine Maria Pastrikos
Meyer and Landis LLP
New York, New York
*Counsel for Plaintiff*

Guy William Germano, Jr.
Germano & Cahill, P.C.
Holbrook, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

Plaintiff Dubai Equine Hospital ("Plaintiff") brings this action against Defendants Equine Imagine, LLC and George Papaioannou ("Defendants"), asserting several state law claims related to an allegedly fraudulent sale of veterinary medical equipment. Before me is Defendants' motion pursuant to Federal Rule of Civil Procedure 12(f) to strike four of the allegations in the complaint from the complaint. Because Defendants fail to demonstrate that no evidence of the allegations they seek to strike would be admissible at trial, their motion is DENIED.

# I. Background[1]

Plaintiff, a world-class equine hospital, is located in Dubai and supports the horse industry throughout the Middle East. (Compl. ¶¶ 2, 12.)[2] On March 1, 2015, Plaintiff entered into an agreement (the "Agreement") with Defendants, pursuant to which Defendants promised to sell Plaintiff a CT scanner capable of "imaging all body parts of a horse *while a horse was moving*" for $995,500. (*Id.* ¶¶ 2 (emphasis in original), 3, 15.) To induce Plaintiff to enter the Agreement, Defendants misrepresented to Plaintiff that their scanners were commercially viable, stable, and able to image all body parts of horses while the horses were moving. (*Id.* ¶¶ 16–28.) Defendant Papaioannou represented that if Plaintiff executed a purchase order for one of Defendants' CT scanners and paid a deposit of approximately $550,000, Defendants would install the machine by June 2015. (*Id.* ¶ 29.) Despite Plaintiff paying the deposit, Defendants did not deliver a machine by June 2015, and, as a result, Plaintiff arranged for one of Defendant Papaioannou's employees and ABB Robotics to partially complete the order. (*Id.* ¶¶ 43–44.) However, Plaintiff was unable to obtain a machine that met the specifications set forth in the Agreement, which caused harm to Plaintiff. (*Id.* ¶¶ 45–57.)

In addition to the allegations described above, the Complaint also includes the following allegations (the "Systemic Fraud" allegations), which Defendants seek to strike:

> Further, *Dr. Yarbrough learned that Defendants had systematically defrauded most of its other customers*, also by misrepresenting the machines' technology and due dates in which Defendants could deliver machines. (Compl. ¶ 3 *emphasis added*.)

> Around the same time, *Dr. Yarbrough also began realizing that Defendants had systematically defrauded many—if not all—of its customers* using the same

---

[1] The following factual summary is drawn from the allegations contained in Plaintiff's corrected complaint. (Doc. 10.) I assume the allegations in the corrected complaint to be true for purposes of this motion. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). However, my references to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[2] "Compl." refers to the Corrected Complaint Jury Trial Demanded (the "Complaint"), filed August 14, 2018. (Doc. 10.)

> misrepresentations regarding the machine's technology and delivery dates. (Compl. ¶ 41 *emphasis added*.)
>
> In particular, over time, *Dr. Yarbrough learned that Defendants defrauded other veterinary hospitals in California, Indiana, New Jersey, New York, Pennsylvania and Texas, among other states, as well as Defendants' distributor in Ohio*. (Compl ¶ 42 *emphasis added*.)
>
> Defendants *falsely represented to [Plaintiff] and the general public including customers in California, Indiana, New Jersey, New York, Pennsylvania and Texas, among other states*, that the machines were commercially viable, stable and able to image all of a horse's body parts . . . . Defendants represented to [Plaintiff] *and other customers around the country false delivery dates*. (Compl. ¶ 59 *emphasis added*.)

(Germano Aff. ¶ 6 (alterations and citations in original).)[3] Defendants argue that the Systemic Fraud allegations are "unsupported and conclusory," and that they are "inflammatory, overly prejudicial, and unnecessary for Plaintiff to adequately allege claims for breach of contract, fraud, and the other common law claims alleged in the Complaint." (*Id.* ¶ 7.)

## II. Procedural History

Plaintiff initiated this action on August 1, 2018 by filing the Complaint.[4] Defendants filed their motion to strike on October 5, 2018, (Doc. 18), which they refiled on November 1, 2018, (Doc. 20). On the same day, Defendants also filed an affirmation in support of the motion. (Doc. 21.) Plaintiff filed its memorandum in opposition to the motion on November 2, 2018. (Doc. 22.) Defendants did not file a reply.

---

[3] "Germano Aff." refers to the Attorney Affirmation in Support of Motion to Strike, submitted by G. William Germano Jr. on November 1, 2018. (Doc. 21.) According to Defendants' counsel, "[d]ue to the relatively limited scope of this motion to strike, [Defendants' counsel's] affirmation contains all arguments that would otherwise be filed in a separate brief." (*Id.* ¶ 4.) Local Civil Rule 7.1(a)(2) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York requires that all motions include "[a] memorandum of law, setting forth the cases and other authorities relied upon in support of the motion." Defendants are warned that any subsequent motions that do not comply with the Local Rules may be summarily denied.

[4] The initial complaint was filed on August 1, 2018, (Doc. 1); however, to correct administrative and typographical errors, it was refiled on August 3, 2018, (Doc. 4), and on August 14, 2018, (Doc. 10). The operative pleading in this case is the Complaint that was filed on August 14, 2018. (*Id.*)

### III. Legal Standards

Rule 12(f) of the Federal Rules of Civil Procedure "provides courts a means to remove material from a pleading that it finds 'redundant, immaterial, impertinent, or scandalous.'" *Hirsch v. Complex Media, Inc.*, No. 18 Civ. 5488 (CM), 2018 WL 6985227, at *9 (S.D.N.Y. Dec. 10, 2018) (quoting Fed. R. Civ. P. 12(f)). "[M]otions to strike are generally disfavored and will not be granted unless the matter asserted clearly has no bearing on the issue in dispute." *Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F. Supp. 2d 821, 829 (S.D.N.Y. 2008) (internal quotation marks omitted). "To prevail in such a motion, defendants must demonstrate that (1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *Roe v. City of New York*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001) (internal quotation marks omitted).

### IV. Discussion

In order to prevail on a motion to strike, a defendant must establish all three of the elements articulated in *Roe*. *See id.* In other words, unless Defendants can demonstrate that no evidence in support of the Systemic Fraud allegations would be admissible at trial, I must deny their motion. *See Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) ("In deciding whether to strike a Rule 12(f) motion on the ground that the matter is impertinent and immaterial, it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible.") Defendants assert that the "sole purpose" of the Systemic Fraud allegations is to "paint Defendant[s] as having bad character and a propensity to commit fraud." (Germano Aff. ¶ 14.)

Defendants argue, without citing to a particular rule for support, that "the Federal Rules of Evidence protect[] parties from such conclusions being drawn." (*Id.* ¶ 13.) Defendants are correct pursuant to Federal Rule of Evidence 404(a)(1), that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Therefore, evidence of misrepresentations Defendants made to other parties on some other occasion may not be admissible to prove that they made the misrepresentations to Plaintiff alleged in this case. However, Defendants make no attempt to demonstrate that evidence of the Systemic Fraud allegations would not be admissible for another entirely permissible purpose under the Rules of Evidence, such as proving that Defendants intended to defraud Plaintiff by making false representations or that they knew Plaintiff would rely on the false representations. *See* Fed. R. Evid. 404(b)(2). Moreover, "[e]videntiary questions, such as the one present in this case, should especially be avoided at such a preliminary stage of the proceedings. . . . And ordinarily . . . a district court . . . should [not] decide to strike a portion of the complaint on the grounds that the material could not possibly be relevant on the sterile field of the pleadings alone." *Lipsky*, 551 F.2d at 893. Defendants have not provided me with any reason to deviate from what the law typically requires under these circumstances.

Plaintiff brings a claim under N.Y. Gen. Bus. L. § 349(a), which prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service." That statute requires "that the conduct be recurring or have ramifications for the general public." *Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 53 (2d Cir. 1992), *certified question withdrawn*, 984 F.2d 69 (1993). Courts regularly admit evidence of similar deceptive practices against similarly situated parties in such cases. *See id.* (finding that plaintiffs satisfied the "ramifications for the general public" requirement by presenting "ample

evidence to prove that [defendant] engaged in similar deceptive settlement practices against other" similarly situated parties).

Accordingly, I cannot conclude that no evidence of the Systemic Fraud allegations would be admissible, and Defendants' motion to strike must be denied.

## V. <u>Conclusion</u>

For the foregoing reasons, Defendants' motion to strike the Systemic Fraud allegations from the complaint is DENIED. Defendants shall file an answer to the Complaint no later than twenty-one (21) days after the entry of this Opinion & Order.

The Clerk of Court is respectfully directed to terminate the open motion at Document 20.

SO ORDERED.

Dated: August 14, 2019
      New York, New York

_Vernon Broderick_
Vernon S. Broderick
United States District Judge