MEYNER AND LANDIS LLP

ATTORNEYS AT LAW
ONE GATEWAY CENTER
SUITE 2500
NEWARK, NEW JERSEY 07102
WWW.MEYNER.COM

REPLY TO:
CATHERINE PASTRIKOS KELLY
DIRECT DIAL:  973-602-3423
CKELLY@MEYNER.COM

NEW YORK ADDRESS:
100 PARK AVENUE
16TH FLOOR
NEW YORK, NEW YORK 10016

April 27, 2020

**VIA ECF**
Hon. Vernon S. Broderick, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, New York 10007

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J. 5/1/2020

The parties are directed to meet and confer and file a joint status update no later than May 10, 2020, proposing dates for the noticed depositions. The parties are further directed to file a proposed protective order by that same date to facilitate the production of potentially confidential material.

     Re:     *Dubai Equine Hospital v. Equine Imaging, LLC, et al.*, No. 18-cv-6925 (VSB)

Dear Judge Broderick:

     We represent Plaintiff Dubai Equine Hospital ("**Plaintiff**") in the above-referenced matter. We write to outline three discovery issues Plaintiff has with Defendants Equine Imaging, LLC ("**4DDI**") and George Papaioannou ("**Papaioannou**" and with 4DDI, "**Defendants**"). Plaintiff provided Defendants' counsel with the opportunity to contribute to this letter pursuant to the Court's individual rules. *See* Email from Catherine Pastrikos Kelly to William Germano, Jr., dated April 23, 2020, a true and correct copy of which is attached as **Exhibit A**. Instead of contributing, however, Defendants' counsel filed a Motion to Withdraw as Counsel (Dkt. 41). As discussed more fully below, the undersigned met and conferred with Defendants' counsel multiple times over the phone and email regarding these issues but could not resolve them.

     *First*, Defendants have failed to provide available dates for their deposition despite Plaintiff's numerous requests. On February 26, 2020, Plaintiff sent Notices for Deposition to Defendants, but reserved the right to postpone Defendants' depositions if Defendants had not produced all documents responsive to Plaintiff's document requests. On February 28, 2020, the parties conducted a telephonic meet and confer in which they agreed to extend the deadline to conduct depositions from March 9, 2020 to April 30, 2020 to allow Defendants to finish producing paper discovery. The parties drafted a joint letter to the Court requesting such an extension, which the Court granted.

     On February 28, 2020, in light of the agreed-upon extension, Plaintiff requested that Defendants provide available dates for deposition. Defendants, however, failed to respond. As a result, on March 2, 16 and 25, Plaintiff followed up on its request for Defendants to provide available dates for deposition. Despite these numerous requests, Defendants failed to provide <u>any</u>

Hon. Vernon S. Broderick, U.S.D.J.
April 27, 2020

dates. On April 8, 2020, Plaintiff requested that Defendants advise whether they are available for a video deposition on April 28 or 29, 2020. If not, Plaintiff requested that Defendants provide alternate dates. On April 16, 2020, Defendants' counsel notified Plaintiff that Defendants are unavailable because Papaioannou is volunteering with the "development of testing kits" but provided no further information.

Plaintiff noticed Defendants' depositions nearly two months ago. Defendants have repeatedly ignored Plaintiff's multiple requests to provide convenient dates to conduct Defendants' deposition and, in order to move the case forward, have offered to conduct it via video conference. Defendants, however, refuse to respond.

Accordingly, Plaintiff respectfully requests that the Court order Defendants to appear for deposition.

*Second*, Defendants have failed to fulfill their discovery obligations because they refuse to produce all documents responsive to Plaintiff's requests on the basis of confidentiality, refuse to fully explain why such documents are confidential and, to the extent such documents are indeed confidential, refuse to review and/or execute Plaintiff's proposed confidentiality agreement.

On January 27, 2020, Defendants served a Privilege Log on Plaintiff. On February 12, 2020, Plaintiff sent Defendants a deficiency letter, which advised that Defendants' Privilege Log was deficient because, among other reasons, the documents being withheld were between Defendants and third-party purchasers and, therefore, no privilege can attach to such communications. On February 28, 2020, the parties conducted a telephonic meet and confer in which Defendants changed course and asserted that all documents on their Privilege Log are not privileged but rather "confidential." In response, Plaintiff requested that Defendants provide a basis for asserting confidentiality over those documents. Plaintiff also advised that if there is a legitimate basis to claim confidentiality over those documents, Plaintiff will agree to enter into a confidentiality agreement. Defendants, however, failed to respond. On March 2, 2020, Plaintiff followed up with Defendants regarding this issue. On March 4, 2020, Defendants responded that the documents at issue are "private purchase orders and vendor agreements" but provided no further information regarding whether such agreements include confidentiality provisions or any other information regarding why such agreements are confidential. In that communication, Defendants also requested that Plaintiff prepare a confidentiality agreement for Defendants' consideration. Despite not receiving sufficient responses regarding the basis for claiming the documents at issue are confidential, and while reserving its right to argue that the documents are not confidential, on March 18, 2020, Plaintiff sent a proposed confidentiality agreement to Defendants' counsel. Defendants failed to respond to the proposed confidentiality agreement. Plaintiff followed up with Defendants on March 25, 2020 and April 8, 2020 but Defendants failed to provide any substantive response.

Defendants have failed to provide a sufficient basis for withholding the documents at issue and, to the extent any such documents are properly withheld as confidential, have refused to provide any comments to the proposed confidentiality agreement. As a result, Defendants waived any right to assert confidentiality over such documents.

Hon. Vernon S. Broderick, U.S.D.J.
April 27, 2020

Accordingly, Plaintiff requests that the Court order Defendants to produce the documents Defendants are withholding as confidential.

*Finally*, the current Case Management Order provides that the deadline for the parties to complete depositions and fact discovery is April 30, 2020. As detailed above, despite Plaintiff's best efforts to schedule Defendants' depositions, Defendants have not made themselves available. In addition, Defendants have failed to produce the documents documents previously on their Privilege Log, claiming they are "confidential" without providing a sufficient basis.

Accordingly, Plaintiff requests that the Court extend the deadline for fact discovery for Defendants to produce the documents previously on their Privilege Log and for Plaintiff to conduct Defendants' depositions. Attached as **Exhibit B** is a proposed Second Amended Case Management Order, which provides for this extension. This is the second request by the parties to extend the discovery schedule. As stated above, the Court granted the parties' first request to amend the Case Management Order. Defendants have not responded to Plaintiff's communications requesting to amend the Case Management Order.

Plaintiff thanks the Court for its attention to these matters.

Respectfully submitted,
**MEYNER AND LANDIS LLP**

*Catherine Pastrikos Kelly*

Catherine Pastrikos Kelly (CP3300)

cc:   William Germano, Esq. (*Defendants' counsel - via ECF*)