**Meyner and Landis LLP**

Attorneys At Law

One Gateway Center

Suite 2500

Newark, New Jersey 07102

www.meyner.com

reply to:

Catherine Pastrikos Kelly

Direct Dial:  973-602-3423

CKelly@meyner.com

New York Address:

100 Park Avenue

16th Floor

New York, New York 10016

May 29, 2020

Via ECF

Hon. Vernon S. Broderick, U.S.D.J.

United States District Court, Southern District of New York

40 Foley Square, Room 415

New York, New York 10007

> Re:   *Dubai Equine Hospital v. Equine Imaging, LLC, et al., No. 18-cv-6925 (VSB)*

Dear Judge Broderick:

We represent Plaintiff Dubai Equine Hospital ("**Plaintiff**") in the above matter. We write pursuant to the Court's instruction that the parties submit a Joint Status Update by May 29, 2020, proposing dates for Defendants George Papaioannou ("**Papaioannou**") and Equine Imaging LLC's ("**4DDI**" and with Papaioannou, "**Defendants**") depositions. In addition, to the extent Defendants had valid reasons to continue withholding documents based on confidentiality, the Court ordered the parties to file a proposed protective order by May 29, 2020. Defendants have not responded to Plaintiff's requests to provide the necessary information nor have Defendants advised whether they will be represented by counsel or, in the case of Papaioannou, representing himself. Therefore, as a result of Defendants' repeated failure to comply with their discovery obligations, Plaintiff requests that the Court enter default judgment against Defendants and order Defendants to pay Plaintiff's attorney's fees and costs.

**A.   Procedural History**

On February 26, 2020, Plaintiff sent Notices of Deposition to Defendants, but reserved the right to postpone Defendants' depositions if Defendants had not produced all documents responsive to Plaintiff's document requests. Among other issues, Defendants refused to explain why they were withholding documents on the basis of confidentiality and refused to review and/or execute Plaintiff's proposed protective order. On February 28, 2020, the parties agreed to extend the deadline to conduct depositions for Defendants to finalize their document production. As a result, the parties drafted a joint letter to the Court requesting an extension for the deposition deadline, which the Court granted.

On February 28, 2020, Plaintiff requested that Defendants provide available dates for deposition after the date they anticipate finalizing their document production, which included dealing with the confidentiality issues. Defendants, however, failed to respond. Thereafter, Plaintiff followed up four times on its request for Defendants to provide available dates for

duplicateCase 1:18-cv-06925-VSB   Document 55   Filed 06/02/20   Page 2 of 5

Hon. Vernon S. Broderick, U.S.D.J.
May 29, 2020

deposition and on Defendants' obligation to produce all documents withheld on the basis of confidentiality. Defendants failed to respond to any of these requests.

On April 27, 2020, Plaintiff filed a Motion to Compel against Defendants on the basis that Defendants failed to provide available dates for their deposition and failed to substantiate withholding confidential documents and/or execute a confidentiality agreement. On May 1, 2020, the Court granted Plaintiff's Motion to Compel and ordered the parties to meet and confer to file a Joint Status Update no later than May 10, 2020, proposing dates for the noticed depositions of Defendants and to file a proposed protective order to the extent Defendants had valid reasons to continue withholding documents based on confidentiality.

On April 27, 2020, Defendants' counsel filed a Motion to Withdraw as Counsel on the basis that Defendants failed to pay its legal bills for over 18 months. On May 4, 2020, the Court granted Defendants' counsel's Motion to Withdraw as Counsel and stayed discovery for two weeks. The discovery stay ended on May 18, 2020. The undersigned did not receive any communications from new counsel for Defendants during the discovery stay. As a result, on May 19, 2020, the undersigned contacted Defendants via email to inquire whether Defendants engaged new counsel. Plaintiff's counsel also requested that, if Papaioannou intends to represent himself, that he provide available dates for his deposition. As an entity, however, 4DDI must hire an attorney to represent it in this Court.[1] Defendants failed to respond and the undersigned has not received any communication from new counsel on behalf of Defendants.

On May 21, 2020, the Court entered an Order: (1) extending the date for the parties to submit the Joint Status Update to May 29, 2020; (2) reminding 4DDI of its obligation to retain counsel or risk default judgment; and (3) directing Plaintiff to mail a copy of the Court's order to Defendants and file proof of such mailing. Plaintiff mailed Defendants a copy of the Court's Order, dated May 21, 2020, and filed an affidavit of service (Dkt. 53). Defendants never responded to that communication.

**B.    Legal Argument**

   **1.    The Court should enter default judgment against 4DDI because 4DDI failed to obtain new counsel.**

"It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel."[2] Courts have ruled that a corporation's failure to retain new counsel after the withdrawal of its initial counsel is a valid basis for a court to enter a default and a default judgment against the corporation, notwithstanding that it (through counsel) had previously filed an answer to the complaint.[3]

---

[1] *See e.g., Mendelka v. Penson Fin. Servs., Inc.*, No. 16-CV-7393 (PKC), 2017 WL 1208665, at *5 (S.D.N.Y. Mar. 31, 2017).

[2] *Rowland v. Cal. Men's Colonly, Unit II Men's Advisory Coun.*, 506 U.S. 194, 202 (1993).

[3] *Christa Constr., LLC v. Connelly Drywall, LLC*, 879 F. Supp. 2d 389, 391 (W.D.N.Y. 2012) (corporation's "refusal to comply with a court order mandating it to appear by counsel, notwithstanding its filing of answer by counsel who

2

Hon. Vernon S. Broderick, U.S.D.J.
May 29, 2020

Here, after permitting counsel for Defendants to withdraw, the Court ordered 4DDI to retain counsel by May 18, 2020. To date, however, no counsel has entered an appearance on its behalf, despite this Court having cautioned 4DDI in the Order, dated May 21, 2020, that failure to retain new counsel could result in the entry of a default judgment against it. Without legal representation, 4DDI cannot appear herein to defend this action. Accordingly, we respectfully request that the Court enter default judgment against 4DDI.

## 2. The Court should enter default judgment against Defendants and award Plaintiff costs and attorney's fees because Defendants have willfully failed to fulfill their discovery obligations.

Federal Rule of Civil Procedure 37(b)(2) provides that if a party fails to obey an order to provide or permit discovery, the court has the discretion to take the appropriate action that would correct the failure in light of the considerations of justice.[4] Rule 37(b)(2) authorizes a variety of responses that may be appropriate in the face of a party's failure to comply, including rendering a default judgment against the disobedient party and imposing monetary sanctions on the disobedient party by requiring that party to pay reasonable expenses, including attorney's fees, caused by the failure.[5] As emphasized by the Second Circuit, "[i]mposing sanctions pursuant to Rule 37 is within the discretion of the district court and a decision to dismiss an action [or enter a default] for failure to comply with discovery orders will only be reversed if the decision constitutes an abuse of that discretion."[6]

When exercising discretion under Rule 37, courts are guided by the following nonexclusive factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of ... noncompliance."[7] In *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, the Supreme Court held that a court may presume from a party's willful failure to answer a discovery request relating to a particular issue that the facts of that issue are established against the noncompliant party and that such presumption is consistent with due process.[8]

---

subsequently withdrew, constitutes a default for failure to 'otherwise defend'" under Rule 55; default judgment entered against corporate defendant) (citing *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180 (2d Cir. 2009); *Next Proteins, Inc. v. Distinct Beverages, Inc.*, No. 09 CV 4534(DRH)(ETB), 2012 WL 314871, at *1-2 (E.D.N.Y. Feb. 1, 2012) (default judgment as to liability entered pursuant to Rule 55(a) against corporation that failed to retain new counsel after initial counsel withdrew).

[4] Fed. R. Civ. P. 37(b)(2).

[5] *Id*.

[6] *Local Union No. 40 of the Int'l Ass'n of Bridge v. Car-Wi Const.*, 88 F. Supp. 3d 250, 262 (S.D.N.Y. 2015) (quoting *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp*., 694 F.3d 155 at 159 (2d Cir. 2012)).

[7] *Id.* (quoting *World Wide*, 694 F.3d at 159).

[8] 456 U.S. 694, 705–07, 102 S. Ct. 2099; *see also Hammond Packing Co. v. Arkansas*, 212 U.S. 322, 349–54, 29 S. Ct. 370, 53 L. Ed. 530 (1909) (court had power to strike a party's answer and enter a default judgment against it for failing to comply with discovery order, as the party's noncompliance created a "presumption of fact as to the bad faith

3

Hon. Vernon S. Broderick, U.S.D.J.
May 29, 2020

Although imposing a default judgment is a drastic remedy, discovery orders are meant to be followed and default is justified if the district court finds that the failure to comply with discovery orders is due to willfulness, bad faith or any fault of the party sanctioned.[9] The district court is free to consider the full record in the case in order to select the appropriate sanction.[10] District courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record.[11]

Here, the Court should enter default judgment against Defendants for continuously failing to comply with their discovery obligations. Defendants' obligations were clear and unambiguous: Defendants had to provide dates in which they were available for deposition and provide the basis on which their withheld documents were confidential or review and comment on Plaintiff's proposed protective order. Defendants have failed to comply with their discovery obligations for at least three months and failed to respond to Plaintiffs' requests at least five times. Thereafter, Defendants failed to respond to the Court's Order, dated May 10, 2020, to provide the information via the Joint Discovery Plan.

This is not the first time Defendants have violated a court order regarding discovery or their discovery obligations. Defendants have violated multiple discovery orders in at least two other cases by failing to make themselves available for deposition and produce relevant documents and, as a result, have been held in contempt of court. In *Universal Medical Systems, Inc. v. George Papaioannou*, Index No. 654741/2017, in the Supreme Court of the State of New York, New York County, Papaioannou refused to make himself available for deposition and produce documents. As a result, the court entered an order, dated April 25, 2018, demanding compliance, which Papaioannou violated. The court then entered a second order, dated August 22, 2018, demanding compliance or else be in contempt of court.[12]

Similarly, in *Universal Systems Diagnostics, Inc. v. George Papaioannou and Four Dimensional Digital Imaging, LLC*, Index No. 605837/2019, in Supreme Court of the State of New York, Suffolk County, Defendants refused to produce documents and the court held them in contempt of court and ordered Defendants to pay attorney's fees and costs after Defendants violated at least two court orders requiring compliance.[13] Thus, Defendants' refusal to comply with their discovery obligations here is not isolated but rather a pattern of "prolonged and vexatious

---

and untruth of an answer to be gotten from the suppression or failure to produce the proof ordered, when such proof concerned the rightful decision of the cause").

[9] *S. New England Telephone Co. v. Global Naps, Inc*., 624 F.3d 123, 144 (2010) (citing *Bambu Sales, Inc. v. Ozak Trading Inc*., 58 F.3d 849, 853 (2d Cir.1995)).

[10] *Id*.

[11] *Id*. at 148.

[12] *See* Orders, dated April 25, 2018 and August 22, 2018, issued by the Supreme Court of New York, New York County, attached as Exhibit 1.

[13] *See* Orders, dated May 21, 2019, June 13, 2019 and September 3, 2019, issued by the Supreme Court of New York, Suffolk County, attached as Exhibit 2.

Hon. Vernon S. Broderick, U.S.D.J.
May 29, 2020

obstruction of discovery[.]"[14] As a result, the imposition of lesser sanctions on Defendants will be not effective.

Defendants were on notice of their discovery obligations here or of the consequences of noncompliance because both their obligations and the Order, dated May 10, 2020, were unmistakably clear.[15]

Finally, the Court should require Defendants to pay for Plaintiff's attorneys fees and costs in attempting to secure compliance from Defendants of their discovery obligations, the Court's orders and filing this application.[16]

Accordingly, we respectfully request that the Court enter a default judgment against Defendants and order Defendants' to pay Plaintiff's attorney's fees and costs in attempting to secure compliance from Defendants of their discovery obligations, the Court's orders and filing this application.

Respectfully submitted,
**MEYNER AND LANDIS LLP**

*Catherine Pastrikos Kelly*

Catherine Pastrikos Kelly (CP3300)

cc:    George Papaioannou (*via email and first-class mail*)
       169 Middle Neck Road
       Sands Point, New York 11050
       gpmove@gmail.com
       gpmove@me.com

       Equine Imaging, LLC d/b/a Four Dimensional Digital Imaging, LLC
       (*via email and first-class mail*)
       c/o George Papaioannou
       169 Middle Neck Road
       Sands Point, New York 11050
       gpmove@gmail.com
       gpmove@me.com

Application denied without prejudice. As previously advised, Defendant Equine Imaging LLC cannot proceed pro se, and must retain counsel. Although Defendant George Papaioannou may proceed pro se, he has not complied with my prior discovery orders or advised the court as to whether he will proceed pro se. Defendant Equine Imaging LLC shall have until June 19, 2020 to retain counsel, and Defendant Papaioannou shall have until that same date to advise the court as to whether he will proceed pro se. Defendant shall also have until June 19, 2020 to comply with my prior discovery orders if they wish to proceed in this case. If Defendants fail to comply with this order, then Plaintiff shall renew its motion and default judgment will be entered, as will an order of reference to the Magistrate Judge for an inquest on damages and fees. Plaintiff shall mail and email copies of this order on Defendants, and docket proof of such service.

---

[14] *S. New England Tel. Co.,* 624 F.3d at 148.

[15] *Id.*

[16] *A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, No. 96CIV.9721(PKL)(THK), 2002
Jan. 15, 2002) (holding that Plaintiff is entitled to its attorney's fees and costs in attempt
compliance with its discovery obligations).

SO ORDERED:

HON. VERNON S. BRODERICK    6/2/2020
UNITED STATES DISTRICT JUDGE