

**Peter Tu**
Attorney at Law
petertu@kimiplawgroup.com

**Direct.** 609.454.1480  |  www.kimintellectualproperty.com
129 W. Evesham Road  |  Voorhees, NJ  08043

July 1, 2020

> Application granted in part and denied in part.  The Court will enter Defendants' proposed revised scheduling order.  As set out in that order, the parties shall meet and confer and file, no later than 7/30/2020, a joint letter of no more than three pages outlining their respective requests for a protective order, and attaching as exhibits their proposed protective orders.  The parties shall also agree on proposed deposition dates.  The Clerk is directed to terminate the letter motions at Documents 61, 62, and 63.
>
> SO ORDERED:
>
> *(signature)*
> HON. VERNON S. BRODERICK  7/2/2020
> UNITED STATES DISTRICT JUDGE

**VIA ECF**

Hon. Vernon S. Broderick, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, New York 10007

*Re: Dubai Equine Hospital v. Equine Imaging, LLC, et al., No. 18-cv-6925 (VSB)*

Dear Judge Broderick:

We have been recently retained to represent Defendants Equine Imaging, LLC ("Equine") and George Pappaioannou (collectively, "Defendants") in the above-referenced matter. We write to request a two-month extension of time to complete fact discovery – from the original deadline of July 30, 2020, to September 30, 2020.  Attached as Exhibit A is a proposed Third Amended Case Management Order extending the discovery cutoff and related deadlines by two months.  The Court previously granted two extensions of the discovery deadline; the first of which was requested by Defendants and the second jointly by Plaintiff and Defendants. *See* Dkt Nos. 34 and 39.  In an email dated June 25, 2020, Plaintiff's counsel refused to even discuss another extension until Defendants complied with the Court's June 16th Order. *See* Dkt. No. 58 and attached Exhibit B (Email correspondence with Catherine Kelly, Plaintiff's Counsel).  Although Defendants diligently complied with that Order by June 29, Plaintiff refused to consent to the extension without explanation.  *See* attached Exhibit B (Email correspondence with Catherine Kelly, Plaintiff's Counsel).  This is hardly surprising as Plaintiff twice motioned the Court to *shorten* the discovery period for the express purpose of preventing Defendants from completing fact discovery.  *See* Dkt. Nos. 47 and 50.  The Court refused to shorten discovery, but ordered Defendants to complete various discovery related tasks identified by Plaintiff in its motions.  *See* Dkt. Nos. 48, 51, 55 and 58.  Those tasks have now been completed.[1]

---

[1] The orders issued by the Court required Defendants, *inter alia*, to retain counsel, propose dates for a deposition of Mr. Pappaioannou and a 30(b)(6) deposition of Equine, produce various documents on its privilege log and negotiate a protective order for production of confidential information.  *See* Dkt. Nos. 48, 51, 55 58.  Defendants retained present counsel on June 8, 2020.  Although the parties have reached an impasse on terms of a protective order, Defendants produced all relevant documents from their privilege log on June 29, 2020, subject to a proposed protective



Dubai Equine Hospital v. Equine Imaging, LLC, et al., No. 18-cv-6925 (VSB)
Letter Motion for Extension of Time
July 1, 2020
Page 2

Granting the requested extension would not interrupt the Court's schedule in any way (as a trial date has not yet been set), nor would a short two-month extension unfairly prejudice Plaintiff in the slightest. Indeed, Plaintiff cannot credibly claim unfair prejudice or increased costs by simply having to comply with routine discovery delayed by a few months. Quite the contrary, the requested extension would likely benefit Plaintiff by affording it a better opportunity to complete its own discovery, which is apparently ongoing.

In contrast, Defendants would be severely prejudiced if the deadline for fact discovery were not extended. As noted, Defendants' current counsel has only been recently retained, and significant additional work is required for us to complete a review of the case file and assess the adequacy of prior counsel's representation, especially relating to discovery. These efforts are of particular importance, as we have recently come to understand that prior counsel may have failed to pursue certain defenses and seek critical discovery necessary to support Defendants' case. For instance, upon information and belief, Plaintiff's claim for breach of contract and related causes of action hinge largely on actions of and communications with certain former employees of Equine who, with Plaintiff's full understanding and knowledge, acted without authority (actual or apparent) and without approval by or with the knowledge of Defendants. We also have reason to believe that the parties may have mutually modified the terms of the original contract, with Plaintiff agreeing to accept (and ultimately taking possession of) a product different than, yet superior in many respects, to the one described in the contract. We urge the Court to consider the substantial negative impact on Defendants' ability to substantiate these and other defenses were the Court to deny the requested relief.

Defendants are now doing the best they can to mount a rigorous defense and move this case forward. Defendants retained new counsel, produced documents, offered opposing counsel multiple dates for the deposition of Mr. Pappaioannou and conducted other discovery required by the June 16th Order. Defendants are also diligently taking additional steps to conduct further discovery, supplement prior responses, and schedule additional depositions.

---

order that will accompany a planned joint letter to the Court. *See* attached Exhibit C (Letter to Catherine Kelly, Plaintiff's Counsel, dated June 29, 2020). Defendants also proposed six dates, including two dates in July, for the deposition of Mr. Pappaioannou and Equine, s*ee* attached Exhibit D (Letter to Catherine Kelly, Plaintiff's Counsel, dated June 26, 2020), and initiated communications with opposing counsel regarding the preparation of and filing of a joint status update with the Court, s*ee* Exhibit E (Email to Catherine Kelly, Plaintiff's Counsel, dated July 1, 2020).



Dubai Equine Hospital v. Equine Imaging, LLC, et al., No. 18-cv-6925 (VSB)
Letter Motion for Extension of Time
July 1, 2020
Page 3

      For these and other reasons described above, Defendants respectfully request that the Court grant their request for a two-month extension of time to complete fact discovery and enter the proposed Third Amended Case Management Order attached hereto as Exhibit A.

      Respectfully submitted,

**Kim Intellectual Property Law Group, PLLC**

/s/ Peter Tu

Peter Tu (SBN 3007531)
Of Counsel

Attachments