UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DUBAI EQUINE HOSPITAL,<br><br>Plaintiff,<br><br>v.<br><br>EQUINE IMAGING, LLC d/b/a FOUR DIMENSIONAL DIGITAL IMAGING, LLC d/b/a 4DDI and<br>GEORGE PAPAIOANNOU,<br><br>Defendants. | Case No. 1:18-cv-6925 (VSB)<br><br>STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION |

This matter, having come before the Court by Plaintiff Dubai Equine Hospital and Defendant Equine Imaging, LLC d/b/a Four Dimensional Digital Imaging, LLC d/b/a 4DDI and George Papaioannou (individually, "Party," and collectively, "Parties") for the entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c), limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the Parties, by, between and among their respective counsel, having stipulated and agreed to the terms of this stipulation;

It is ORDERED that:

1. This stipulation is entered to facilitate the production, exchange and discovery of documents and information that the Parties and, as appropriate, non-parties, agree merit confidential treatment ("Documents" or "Testimony").

2. Any Party or, as appropriate, non-party, may designate Documents produced, or Testimony given, in connection with this action as "confidential" either by designating by notation each page of the Document, a statement on the record of a deposition, written notice to the respective undersigned counsel for the Parties, or other appropriate means.

3. Definitions of terms used in this stipulation:

1

a. "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information, information protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy, or other information the disclosure of which would, in the good faith judgment of the Party or, as appropriate, non-party designating the material as confidential, be detrimental to the conduct of that Party's or non-party's business or the business of any of that Party's or non-party's customers or clients.

b. "Highly Confidential Information" shall mean extremely sensitive Confidential Information, disclosure of which to another Party or non-party, including in-house counsel, would create a substantial risk of serious harm that could not be avoided by less restrictive means. Highly Confidential Information shall be disclosed only to outside counsel for the Receiving Party.

c. "Producing Party" shall mean the Parties to this action and any non-parties producing "Confidential Information" or "Highly Confidential Information" in connection with depositions, document production or otherwise, or the Party or non-party designating a Document or Testimony as confidential or highly confidential, as the case may be. For information in documentary (including "electronically stored information") form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" conspicuously on each page that contains such Confidential or Highly Confidential Information.

d. "Receiving Party" shall mean the Parties to this action and/or any non-party receiving "Confidential Information" or "Highly Confidential Information" in connection with

depositions, document production, subpoenas or otherwise. A Receiving Party shall be deemed to have received "Highly Confidential Information" if Receiving Party's outside counsel has received Highly Confidential Information.

4. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Information or Highly Confidential Information. If the Producing Party does not agree to declassify such document or material within seven (7) days of the written request, the Receiving Party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information or Highly Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information or Highly Confidential Information unless and until the Court rules otherwise. Notwithstanding anything to the contrary in this stipulation, the Producing Party bears the burden of establishing the propriety of its designation of documents or information as Confidential Information or Highly Confidential Information.

5. Except with the prior written consent of the Producing Party or by order of the Court, Confidential Information or Highly Confidential Information shall not be furnished, shown, or disclosed to any person or entity except:

   a. personnel of the Parties who are engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

   b. counsel for the Parties to this action and their associated attorneys, paralegals and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control

        of such counsel, and who have been advised by such counsel of their obligations hereunder;

    c.  expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 below;

    d.  the Court and court personnel;

    e.  an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

    f.  trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 9 and 10, respectively, below; and

    g.  any other person agreed to by the Producing Party.

6. Highly Confidential Information may only be disclosed to persons within the categories set forth in paragraphs 5(b)-(g). Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes. Highly Confidential Information may be viewed by Receiving Party's outside counsel only; outside counsel may not disclose or otherwise reveal, directly or indirectly, Highly Confidential Information to any individual or entity, including its client.

7. Before any disclosure of Confidential Information or Highly Confidential Information is made to an expert witness or consultant, counsel for the Receiving Party making such disclosure shall provide to the expert witness or consultant a copy of this Stipulation and request and obtain the expert's or consultant's written agreement, in the form of Exhibit 1 attached, to comply with and be bound by its terms. Counsel for the Receiving Party obtaining the certificate shall supply a copy to counsel for the other Parties at the time

designated for expert disclosure, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

8. All depositions shall presumptively be treated as Highly Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the Parties. At or before the end of such fifteen-day period, the deposition shall be classified appropriately.

9. Should the need arise for any Party or, as appropriate, non-party, to disclose Confidential Information or Highly Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, that Party or, as appropriate, non-party, may do so only after taking such steps, if any, that the Court, following a motion by the Producing Party, shall deem necessary to preserve the confidentiality of such Confidential Information or Highly Confidential Information.

10. This Stipulation shall not preclude counsel for any Party from using during any deposition in this action any Documents or Testimony which has been designated as "Confidential Information" or "Highly Confidential Information" under the terms hereof. If a Party seeks to give access to Confidential Information or Highly Confidential Information to a deposition witness, the Party shall provide the witness with a copy of this Stipulation and request that the witness execute a written agreement, in the form of Exhibit 1 attached below, to comply with and be bound by its terms. Counsel for the Party obtaining the certificate shall supply a copy to counsel for the other Parties and, as appropriate, a non-party that is a Producing Party. In the event that a witness refuses to execute the agreement to be bound by this Stipulation, the Court may, upon the Party's application, enter an order directing the witness' compliance with the Stipulation, or directing such other steps as the Court may deem necessary under the circumstances.

11.  A Receiving Party that seeks to disclose to an expert witness (testifying or non-testifying) any Confidential Information or Highly Confidential Information must first provide the Producing Party written notice of its intent to make such a disclosure. The notification shall include a copy of the expert's current curriculum vitae and must identify (i) the full name of the expert and the city and state of the expert's primary residence; (ii) the expert's current employer(s); and (iii) any previous or current contractual relationship with any of the Parties (including any previous or current contractual relationship, known to the Party seeking disclosure, with related corporate entities). In the event the expert is prohibited due to confidentiality obligations to a third party from disclosing a present or prior employment or contractual relationship, the expert shall so state and shall in that case disclose such information as the expert is permitted to provide regarding the nature of the employment or contractual relationship (such as, e.g., the industry or technology involved in the employment or contractual relationship; whether the employment or contractual relationship was for a competitor of a Party; and like information) to enable, to the extent possible, the Producing Party to determine whether or not to object to the expert. The Receiving Party that seeks to make such disclosure to an expert of any information or item that has been designated or Confidential Information or Highly Confidential Information need not identify to the Producing Party said information or item to be disclosed.

12.  A Receiving Party may disclose Confidential Information or Highly Confidential Information to the identified expert after ten (10) calendar days from the date that the Producing Party receives the notice described in paragraph 11, unless, within those ten (10) calendar days, the Receiving Party receives an objection to the disclosure, in writing (including via email), from the Producing Party. Any such objection must set forth in detail the grounds on which it is based.

6

13. A Receiving Party that receives a timely written objection as described above shall not disclose Confidential Information or Highly Confidential Information to the identified Expert until the objection is withdrawn, and agreement is reached by the Parties or the objection is resolved by the Court. The Parties must meet and confer within three (3) business days of the objection to attempt resolution of the matter by agreement. Only if no agreement is reached, the Producing Party may seek the Court's assistance within five (5) business days from the date of the meet and confer. If relief from the Court is not sought within that time, the objection shall be deemed withdrawn. If relief from the Court is sought, the Producing Party shall bear the burden of proving that the risk of harm from disclosure of the Confidential Information or Highly Confidential Information to the Expert in question (despite the safeguards of this Order) outweighs the Receiving Party's need to disclose the Confidential Information or Highly Confidential Information to the Expert.

14. All Protected Material that is filed must be filed under seal in accordance with the rules of the United States District Court for the Southern District of New York and any applicable local rules or rules of the judge presiding over the above-captioned action.

15. A Party may designate as Confidential Information or Highly Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion of such materials or information. In the case of Documents, produced by a non-party, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality designation. In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the Party (or, as appropriate, non-party) asserting the

confidentiality. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period), all such Documents and Testimony shall be treated as Highly Confidential Information.

16. (a) Any Receiving or Producing Party who seeks to file any material—including but not limited to pleadings, motion/application papers, affidavits, memoranda, briefs, and exhibits—to the Court using Documents or Testimony which have previously been designated as comprising or containing Confidential Information or Highly Confidential Information, and/or which reproduces, paraphrases, or discloses Confidential Information or Highly Confidential Information (Filing Party), shall file such Confidential Information or Highly Confidential Information under seal pursuant to the Court's rules.

    (b) All pleadings, briefs, memoranda or other documents which reproduce, paraphrase or disclose any document or content of a document which has previously been designated by a party as comprising or containing Confidential Information or Highly Confidential Information shall identify each designated document by the production number ascribed to it at the time of production.

17. Any person receiving Confidential Information or Highly Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms of this Stipulation and shall use reasonable measures to store and maintain the Confidential Information or Highly Confidential Information to prevent unauthorized disclosure.

18. An inadvertent failure to designate qualified information or items, including a failure to designate a deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," does not, standing alone, waive the Producing Party's right to secure protection under this Order for such material. Any document or information that may contain Confidential Information or Highly Confidential Information

that has been inadvertently produced without identification as to its "confidential" nature as provided in this Stipulation may be so designated by the party asserting the confidentiality designation by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the production from which the document or information was disclosed without such designation.

19. Extracts and summaries of Confidential Information or Highly Confidential Information shall also be treated as confidential or "highly confidential" in accordance with the provisions of this Stipulation.

20. The production or disclosure of Confidential Information or Highly Confidential Information shall in no way constitute a waiver of each Producing Party's right to object to the production or disclosure of other information in this action or in any other action. Nothing in this Stipulation shall operate as an admission by any Party or non-party that any document or information is, or is not, confidential. Failure to challenge a Confidential Information or Highly Confidential Information designation shall not preclude a Party or non-party from making a subsequent challenge as to those documents or information.

21. This Stipulation is entered without prejudice to the right of any Party or non-party to seek relief from, or modification of, this Stipulation or any of its provisions by properly-noticed motion to the Court, or to challenge any designation of confidentiality as inappropriate under the Federal Rules or other applicable law.

22. This Stipulation shall continue to be binding after the conclusion of this litigation; however, there shall be no restriction on documents that are used as exhibits in Court unless, and only insofar as, such exhibits were sealed or redacted pursuant to an order of the Court. Further, nothing in this Stipulation prevents a Receiving Party from seeking the written permission of the Producing Party, or further order of the Court, to dissolve or modify the Stipulation. The provisions of this Stipulation shall, absent prior written consent of the parties, continue

to be binding after the conclusion of this action; however, documents sealed or redacted by order of the Court prior to, or for a purpose other than, trial shall not remain sealed or redacted for use as trial exhibits absent further order of the Court extending the sealed or redacted status of such documents for use at trial.

23. Nothing in this Stipulation shall be deemed to waive any privilege recognized by law or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

24. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information or Highly Confidential Information produced or designated, and all reproductions of such materials, shall be returned to the Producing Party or, at the Receiving Party's option, shall be destroyed. In the event that any Receiving Party chooses to destroy physical objects and documents, that Receiving Party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable rules of professional conduct. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual, corporation or other entity adverse to any Party or non-party or their affiliate(s) in connection with any other matter. Any materials produced to the Court at any stage of the action will be handled pursuant to the Federal Rules.

25. If a Receiving Party is called upon to produce Confidential Information or Highly Confidential Information in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the Receiving Party from which the Confidential Information or Highly Confidential Information is sought shall (a) give written notice by overnight mail and either email or facsimile to the counsel for the Producing Party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the Producing Party five (5) business days to object to the production of such Confidential Information or Highly Confidential Information, if the Producing Party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

26. This Stipulation may be changed by further order of this Court and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any material or information.

SO ORDERED.

Dated: July 31, 2020
New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge

9

**Exhibit 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DUBAI EQUINE HOSPITAL,<br><br>**Plaintiff,**<br><br>v.<br><br>EQUINE IMAGING, LLC d/b/a FOUR DIMENSIONAL DIGITAL IMAGING, LLC d/b/a 4DDI and<br>GEORGE PAPAIOANNOU,<br><br>**Defendants.** | Case No. 1:18-cv-6925 (VSB)<br><br>AGREEMENT WITH RESPECT TO CONFIDENTIAL MATERIAL |

I, _____, state that:

1. My address is:
2. My present occupation or job description is:
3. I have received a copy of the Stipulation for the Production and Exchange of Confidential Information (the "Stipulation") entered in the above-entitled action.
4. I have carefully read and understand the provisions of the Stipulation.
5. I will comply with all the provisions of the Stipulation.
6. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information or Highly Confidential Information that is disclosed to me.
7. I will return all Confidential Information or Highly Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information or Highly Confidential Information.
8. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.

Dated:                              Signature